**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1456**

NANCY B. FLEMING; GARY FLEMING,

             Plaintiffs - Appellants,

        v.

BOSTON SCIENTIFIC CORPORATION,

             Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:12-cv-05131)

Submitted:  October 30, 2015        Decided:  December 28, 2015

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony J. Majestro, POWELL & MAJESTRO, PLLC, Charleston, West Virginia, for Appellants.   Daniel B. Rogers, SHOOK, HARDY & BACON L.L.P., Miami, Florida; Michael Bonasso, FLAHERTY SENSABAUGH & BONASSO PLLC, Charleston, West Virginia; Lindsey M. Saad, FLAHERTY SENSABAUGH & BONASSO PLLC, Morgantown, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy and Gary Fleming appeal the district court's order dismissing their lawsuit, one of many in multidistrict litigation, arising out of injuries sustained from transvaginal mesh manufactured by Defendant Boston Scientific Corporation (BSC). Applying Florida law, the district court granted BSC's motion for summary judgment to dismiss their claims as to the Pinnacle as barred by the applicable statute of limitations and dismissing their claims as to Obtryx for failure to present evidence regarding causation.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 (4th Cir. 2012). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise properly supported summary judgment motion will not be defeated by the existence of some

2

factual dispute, however; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Id. at 248. Indeed, to withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. Fed. R. Civ. P. 56(c)(1).

We have thoroughly reviewed the district court's order, the parties' briefs, and the materials submitted on appeal. We conclude that the district court did not err in granting summary judgment to the Defendant on all claims. Accordingly, we affirm for the reasons stated by the district court. Fleming v. Boston Scientific Corp., No. 2:12-cv-05131 (S.D. W. Va., Mar. 26, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED